Totten, J.,
delivered the opinion of the court.
The case is an action of slander in the circuit court of Decatur, by John Stephens against Joel C. Hancock. The verdict was for the plaintiff, and his damages were assessed by the jury at one thousand dollars. The defendant’s motion for a *508 new trial was overruled, and judgment rendered on the'verdict ; to all which defendant has excepted, and prosecuted his writ of error to this court.
The words charged are these: “ He (that is, the plaintiff) has been killing and taking my bottom hogs for two or three years, and he has marked my hogs in his mark, and I have them at home in my pen; and he is the damnedest hog rogue in the county; that it was not the first time he had stolen hogs;” meaning, as it is averred, that plaintiff was guilty of the crime of hog-stealing. These words, except the last clause, (“ it was not the first time he had stolen hogs, ”) are proved with substantial, and almost verbal accuracy, by the witness, Mary Turner. Mrs. White proved that defendant said, “John Stephens was killing and marking wild hogs in the bottom that was not his own; and not satisfied, had hired a man to assist him. He had some hogs that he had raised in his own pen, marked in Stephens’ mark, and he believed that Stephens was as damned a hog thief as was out of hell.” Both of these witnesses stated that they understood the defendant at the time as intending to impute to the plaintiff the offence of hog-stealing.
First, it is insisted that there is a fatal variance between the words charged and the words proved.
It is not necessary to prove the exact and precise words laid in the declaration; it is sufficient to prove the principal and substantive words laid, importing the slanderous charge. So many of the words laid as are material to the chai’ge must be proved, and it is not sufficient to prove it by other words of similar purport. Thus, in Maitland vs. Goldney, 2 East. 438, it was held, that the plaintiff need not prove all the words laid, but so much of them as is sufficient to sustain his cause of action; and it is not enough for him to prove equivalent words of slander. Olmsted vs. Miller, 1 Wend. R, 509; Fox vs. Vanderbeck, 5 Cowen’s R., 515; Loomis vs. Sweck, 3 Wend. R., 207; *509 Miller vs. Miller, 8 Johns. R., 74; 1 Stark. Sl. 374, Wend. Ed.
Mr. Starkie says: “ It is not necessary in case of oral slander to prove all the words, provided such of them be proved as are material. But he adds, “ if all the words, as laid, constitute but one charge, the whole must be proved;” and refers to the case of Flower vs. Pedley, 2 Esp. C., 491. The words in that case were, “ He is selling his coals at one shilling a bushel, to pocket the money, and become a bankrupt to cheat his creditors.” Upon the trial, the words, “ and become a bankrupt,” were not proved, and the plaintiff was non-suited. The same principle is stated, and upon the same authority, in 2 Grenl. Ev., sec. 414.
It will be seen that the words omitted in the proof, in that case, formed a material element in the slanderous charge, and that without them, no such charge was made or could be inferred. These words were, therefore, necessary, under the rule before stated, as being a part of the principal and substantive words laid, and the case is not to be considered as forming any exception to the general rule.
Now, in the present case, the words laid are substantially proved, except the last clause, to-wit, “it was not the first time he had stolen hogs.” We do not think that these words are proved by either, of the witnesses referred to. But if the words that were proved import a criminal charge, the omission to prove all the words laid was not a fatal variance.
Do the words that were proved,Import a criminal charge ? The words are to be taken, not in mitiori sensu, but in the plain and popular sense in which the hearers would naturally understand them. Roberts vs. Camden, 9 East, 96; Fox vs. Vanderbeck, 5 Cowen’s R., 515; Watson vs. Nicholas, 6 Hum. R., 175; Curtis vs. Curtis, 25 Eng. C. L. R., 207; Reed vs. Aubridge, Ibid., 412.
He accused the plaintiff of killing and taking his, defendant’s bottom hogs, and of marking his hogs, and in this con *510 nection, and in reference to these facts, denounced the plaintiff as the damnedest hog rogue in the county. A general and indefinite denunciation of the plaintiff as a rogue, referring to no particular facts, would not be actionable. It would be mere abuse, for which no action would lie. 1 Stark. SI. 24. But here the word has reference to the facts specially stated, that the plaintiff had been taking and killing the defendant’s bottom hogs, and had been marking defendant’s hogs, and the accusation predicated on these facts, is, that he, the plaintiff, was the damnedest rogue in the county. The jury in construing these words, have found that they import a criminal charge, not a mere trespass; and regarding them in their or-dinaiy sense and meaning, we think they were well justified in coming to that conclusion. In Somers vs. House, Holt, 39, the words were, “ you are a rogue, and broke open a house at Oxford; and your grand-father was forced to bring over £30 to make up the breach.” After verdict, it was moved in arrest of judgment, because “rogue” is not actionable; and breaking open the house, a mere trespass. But it was considered that the words, in a common sense and the intendment of the bystanders, would be understood as importing a felonious breaking of the house ; and the words were held actionable. 1 Stark, on SI. 54.
“ Where words are capable of two constructions, in what sense they were meant is matter of fact to be decided by the jury.” 1 Stark, on Sland., 60. This is a well settled rule, deduced by Mr. Starkie from many decided cases, to which we need not refer. Now, if it be conceded that the words are of dubious import, and that it is uncertain whether a trespass or a felony were intended; yet that is a matter of fact determined by the jury, and they are the proper persons to determine it. Peak vs. Oldham, Cowp. 277; Woolnotte vs. Meadows, 5 East., 463. We conclude, therefore, that the words proved are to be regarded as in themselves defamatory and actionable.
*511 It is next insisted that the court erred in rejecting defendant’s proof offered in mitigation, “ that there was a report and rumor in the neigborhood ” that the plaintiff was guilty of the said offences imputed to him. There can he no question but that this evidence was incompetent. This report and rumor may have originated in the very slander of which the defendant was accused; it may have been also of but limited extent, and not credited or believed. Evidence of general character may he given in mitigation of damages. 2 Stark, on SI. note 1, where the authorities are collected by Mr. Wendell.
In 2 Stark. Ev. 877, it is said that evidence that defendant labored under a general suspicion at the time of publication, of having been guilty of the charge imputed by the words, is competent. The doctrine on this subject is certainly involved in a conflict of decisions; but we think it a reasonable and proper rule, founded in principle and authority, that the defendant may prove, under the general issue, in mitigation of damages, that at the time of publication it was generally reported and suspected that the plaintiff was guilty of the particular offence imputed to him. Evidence of particular facts is not competent. 2 Stark, on Sl., 88; 2 Stark. Ev., 878; 2 Grenl. Ev., sec. 424, and notes, referring to American cases. But no authority of any credit goes so far as to admit the evidence in question.
At the trial, evidence was introduced by defendant tending to impeach the credit of Mary Turner, the principal witness. The plaintiff thereupon offered to support her credit, and propounded a question in the following manner : “ Are you acquainted with the general character-of the witness, Mary Turner ?” The defendant objected to this form of the question, insisting that the inquiry should be as to her character “ for truth and veracity.” No valid objection can be taken to the form of the question. The subject was considered in Fordvs. *512 Ford, 7 Hum. R., 102, and the form of the question is in effect in conformity to the rule of practice there stated.
It is finally insisted that the witness, Mary Turner, is not entitled to credit, and for that reason the verdict should not stand, as it rests mainly upon her evidence. The credit of this witness was attacked and supported by proof, and discussed before the jury; they were the peculiar and appropriate judges of her credit, and have thought proper to credit her, and we see no sufficient reason why we should discredit her.
There being no error in the record, the judgment will be affirmed.